UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-24444-MOORE/Elfenbein

**YONI JUNIOR MORALES**,

    Plaintiff,

v.

**UNITED STATES FEDERAL GOVERMNET**, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff Yoni Junior Morales's Complaint filed *pro se* pursuant to 18 U.S.C. §§ 242, 1001, 1832, and 2708, 28 U.S.C. § 351, 31 U.S.C. §§ 3729, 3730, and 5323, and 42 U.S.C. §§ 300, 1983, and 2000e-2 (the "Complaint"), ECF No. [1], and Motion for Leave to Proceed *in forma pauperis* (the "IFP Motion"), ECF No. [3]. The Honorable K. Michael Moore has referred this case to me "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." ECF No. [5]. Because Plaintiff has not paid the Court's filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). After reviewing the record and relevant law, I recommend that the Complaint, **ECF No. [1]**, be **DISSMISSED**, pursuant 28 U.S.C. § 1915(e)(B)(2)(i) and (ii), and that the IFP Motion, **ECF No. [3]**, be **GRANTED**.

CASE NO. 24-CV-24444-MOORE/Elfenbein

**I.     BACKGROUND**

Plaintiff brings the instant action against the following 28 entities: (1) the United States Federal Government, (2) the Department of Justice, (3) the U.S. Attorney General, (4) the Securities and Exchange Commission, (5) the Commodity Futures Trading Commission, (6) the Federal Trade Commission, (7) the Department of the Treasury, (8) the Federal Reserve System, (9) the Federal Deposit Insurance Corporation, (10) the Federal Election Commission, (11) the Department of Health and Human Services, (12) the National Institute of Allergy and Infectious Disease, (13) the Centers for Disease Control and Prevention, (14) the Department of State, (15) the Joint Chiefs of Staff, (16) the National Security Council, (17) the Department of Defense, (18) the Department of Homeland Security, (19) the Federal Bureau of Investigation, (20) the Office of the Director of National Intelligence, (21) the Intelligence Community, (22) the Central Intelligence Agency, (23) the Drug Enforcement Administration, (24) the National Security Agency, (25) the Defense Intelligence Agency, (26) the Financial Crimes Enforcement Network, (27) the Secret Service, and (28) the Port of Palm Beach (collectively "Defendants"). ECF No. [1] at 1. Against these Defendants, Plaintiff seeks $400,000,000,000 in damages "[f]or whistleblower reward money, the State rewards program, combat pay, irreparable damages, and provisioned compensatory justice for the monumental transgression of the defendant's subordinates['] conniving judicial misconduct." *Id.* at ¶ 139.

The Complaint is little more than a racialized, political screed filled with conspiracy theories. *See generally id.* For that reason, this Report and Recommendation will only detail the factual portions of the Complaint that are discernable and otherwise necessary to orient the reader with the pleading. Plaintiff begins the Complaint with the allegation that the Miami-Dade Department of Justice wrongly detained him based on "[u]nlawfully concocted, falsified, and

2

fabricated police reports, court documents, and judicial proceedings[.]" *Id.* at ¶ 2. While Plaintiff does not explicitly allege as much, it appears he was arrested for beating another individual. *See id.* at ¶ 4 ("The racist n**ro presented pictures of self-inflicted wounds to the defendant's subordinate the Miami-Dade Department of Justice. Concocted a story of receiving a Rodney King beating that never took place and falsely claimed to be a victim like Andrea Puerta[.]"). Due to his arrest, Plaintiff claims that his employer, Defendant Port of Palm Beach, terminated his employment. *See id.* at ¶ 10. From this allegation onwards, the Complaint devolves into a confused narrative that employs vile and racist language, which the Court need not repeat in this Report and Recommendation.[1] *See, e.g., id.* at ¶ 124; *id.* at ¶ 14. Indeed, the Complaint's 51 pages contain meandering allegations that are difficult to summarize in a digestible fashion. For that reason, the Report and Recommendation turns to directly address the procedural and substantive deficiencies that necessitate the Complaint's dismissal.

## II. LEGAL STANDARDS

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a) (alterations added). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

---

[1] In addition to employing repugnant language that has no place in a pleading filed in federal (or any other) court, Plaintiff appears to make threats against the Honorable Elena Sosa-Bruzon — a county court judge sitting in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See* ECF No. [1] at ¶ 27 ("Before the defendant's subordinate Eleana Sosa-Bruzon gets dropped off at GTMO, thrown into the AGO facility, zip-tied, and interrogated with her social circle."); Judicial Section Details: Eleana Sosa-Bruzon, Eleventh Judicial Circuit Court of Florida, https://www.jud11.flcourts.org/Judge-Details?judgeid=1130&sectionid=307 (last visited on Nov. 18, 2024).

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; other alteration added; citation and quotation marks omitted).

### III. DISCUSSION

#### A. Motion to Proceed *in forma pauperis*

Before reaching the merits of the Complaint, the Court must first determine whether Plaintiff has properly initiated this action by filing a meritorious IFP Motion. In the IFP Motion, Plaintiff states that he has a monthly income of $3,200.00 and approximately $9,000.00 in various bank accounts at Wells Fargo. *See* ECF No. [3] at 2. Drawing against those assets are Plaintiff's monthly costs that total $3,499.00.[2] *See id.* at 4-5. In addition, Plaintiff's IFP Motion explains that his income fluctuates as it is based on work availability and, as a result, he sometimes goes several days in a row without any work or income. *Id.* at 6. Based on Plaintiff's representations, he has demonstrated his indigency and, therefore, is eligible to initiate the instant action without prepaying the Court's $405.00 filing fee.

#### B. The Complaint

Having determined that Plaintiff has filed a meritorious IFP Motion, the Court must next screen the Complaint under 28 U.S.C. § 1915(e). As explained below, a review of the allegations reveals that the Complaint is subject to dismissal because it (1) is a shotgun pleading, (2) is frivolous, and (3) invokes federal statutes that do not create a private right of action.

---

[2] Plaintiff also states he will need to buy a new engine for his car — presumably in the near future — and that expense will cost him between $12,000.00 and $15,000.00. *See* ECF No. [3] at 5-6.

1.    ***Shotgun Pleading***

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted). Still, a *pro se* party must abide by Rule 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim[,]" showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2) (alteration added); *see Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). As explained above, under Rule 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Plaintiff's Complaint is a "shotgun pleading" that fails to meet the foregoing standards — even under the relaxed pleading standard afforded to *pro se* litigants. There are four types of shotgun pleadings that violate Rule 8(a), Rule 10(b), or both:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnote call numbers omitted). The "unifying characteristic" of shotgun pleadings is they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (footnote call number omitted).

Upon review of the allegations, the Complaint falls under the second and third categories of shotgun pleadings. First, the Complaint is replete with immaterial facts. Towards the beginning of the Complaint, Plaintiff complains of the conduct of an unspecified judge and the Honorable Eleana Sosa-Bruzon; however, neither individual is a party to the instant action, so it is unclear how the actions of these individuals have any bearing on the resolution of this case. *See* ECF No. [1] at ¶¶ 13-19. Additionally, Plaintiff makes the outlandish assertion that the attacks on Pearl Harbor and the World Trade Center in New York were "bullshit moment[s,]" *id.* at ¶ 25, and references a phone call with "a whistleblower operator" to whom he remarked, "[i]t sound[s] like [you] just finished snorting a line of cocaine as long as the treasure coast and started looking for Jesus[,]" *id.* at ¶ 92. And to be clear, these statements are but a sampling of the superfluous statements taken from a pleading that is chock-full of them. The presence of these bizarre and irrelevant statements, in the aggregate, makes it difficult — if not impossible — for the Court to meaningfully screen the Complaint and for the Defendants to draft a responsive pleading, thus necessitating the Complaint's dismissal.

Even if immaterial facts did not bog down the Complaint, it is still a shotgun pleading subject to dismissal because Plaintiff failed to identify each cause of action he intended to raise in the Complaint and separate each of those causes of action into its own count. In *Chavez v. Sec'y of the Fla. Dep't of Corrs.*, the Eleventh Circuit observed that district court judges "typically [carry] heavy caseload[s]" but are equipped with "limited resources," and, therefore, they "cannot be expected to do a [litigant's] work for him." 647 F.3d 1057, 1061 (11th Cir. 2011) (citations omitted); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Here, Plaintiff impermissibly places the burden on the Court to sift through the Complaint's 51 pages and guess which of his factual allegations may

6

or may not constitute a claim for relief. *See generally* ECF No. [1]. While the Complaint contains a section titled "VIOLATIONS" and in four, *see id.* at ¶¶ 131-33, 137, of that section's 12 paragraphs, *see id.* at ¶¶ 131-40, Plaintiff rattles off several statutes that could form the basis of a claim for relief, Plaintiff lists these statutes *en masse* and fails to connect the provisions of each of the statutes to the facts animating the Complaint. In other words, the statutes' presence in the Complaint does nothing to set forth or advance the claims Plaintiff is attempting to raise.

For the foregoing reasons, the Complaint is a shotgun pleading that "fail[s] . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests[,]" *Weiland*, 792 F.3d at 1323 (footnote call number omitted); therefore, the Complaint must be dismissed pursuant to § 1915(e)(B)(2)(ii).

### 2. *Frivolity*

The Complaint is also subject to dismissal because its factual allegations are frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."). For example, Plaintiff claims that (1) the "Chinese, Cubans, Koreans, Iranians, Venezuelans, Russians, Tirads, Cartels, Yakuzas, and Mafias" are in pursuit "of his digital testimony" that supports the "United States of America['s] National Security Apparatus[,]" ECF No. [1] at ¶ 27; (2) "Zoom Meetings Technology is a DATA mining company" that poses "a significant threat to national security and [Plaintff's] life[,]" *id.* at ¶ 32; and (3) Volodymyr Zelensky — president of Ukraine, Joe Biden — president of the United States, and Ursula von der Leyen — president of the European Commission, together are conspiring to harm him, *see id.* at ¶ 66. These claims are among the many conclusory allegations in the Complaint that have no basis in fact. Given the pervasive presence of frivolous allegations in the Complaint, dismissal of the

Complaint is appropriate. *See Porter v. Governor of the State of Fla.*, 667 F. App'x 766, 767 (11th Cir. 2016) ("A lawsuit is frivolous if its claims involve factual contentions that are fanciful, fantastic, irrational, and/or delusional." (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992))).

### 3. *Improperly Raised Claims*

Regardless of whether the claims in the Complaint lack the necessary factual clarity, as explained below, the claims are subject to dismissal as a matter of law because they are premised on violations of federal statutes that do not create a private right of action.

#### a. Claim for Violation of 18 U.S.C. § 242

First, Plaintiff states that he files the instant Complaint pursuant to 18 U.S.C. § 242 and that Defendants, together through their unspecified and allegedly illegal conduct, violated § 242. *See* ECF No. [1] at ¶¶ 131-33, 137. Section 242 is "the criminal counterpart to [§] 1983." *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1439 (11th Cir. 1985). "To that end, section 242 provides that anyone, who while acting under color of any law, statute, ordinance, etc., willfully deprives any individual of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States shall be fined or imprisoned for more than one year, or both." *Harris v. Albany Police Dep't*, No. 14-CV-67, 2014 WL 1773866, at *1 (M.D. Ga. May 2, 2014) ("Importantly, [§] 242 is a criminal statute that provides no basis for civil liability or a private right of action."); s*ee also Cuyler v. Scriven*, No. 11-CV-00087, 2011 WL 861709, at *3 (M.D. Fla. Mar. 9, 2011) ("[The plaintffs'] claims for alleged violations of 18 U.S.C. § 242 against [the defendants] must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as those claims are based on indisputably meritless legal theories, namely that [the p]laintiffs can seek damages for violation of [§ 242] or seek the imposition of criminal charges in a civil lawsuit."). Accordingly, Plaintiff's § 242 claim should be dismissed with prejudice because any attempt to remedy this claim would be

futile. *See Chiron Recovery Ctr., LLC v. United Healthcare Servs.*, Inc., 438 F. Supp. 3d 1346, 1356 (S.D. Fla. 2020) ("A court may also dismiss a case with prejudice when amendment would be futile." (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999))).

      b.   <u>Claim for Violation of 18 U.S.C. § 249</u>

    Second, Plaintiff states that Defendants, together through their unspecified and allegedly illegal conduct, violated 18 U.S.C. § 249. *See* ECF No. [1] at ¶¶ 131-33. Codified at § 249 is the Matthew Shepard and James Byrd Hate Crimes Prevention Act, which "is a federal criminal statute that does not provide a private right of action." *See Smith v. Subway Inc.*, No. 19-CV-592, 2020 WL 5870421, at *2 (M.D. Ala. Aug. 28, 2020) (citing *Godfrey v. Ross*, 2011 WL 6012607, at *5 (E.D. Cal. 2011)), *report and recommendation adopted*, No. 19-CV-592, 2020 WL 5848672 (M.D. Ala. Oct. 1, 2020). Therefore, Plaintiff's § 249 claim must also be dismissed with prejudice. *See Chiron Recovery Ctr.*, 438 F. Supp. 3d at 1356.

      c.   <u>Claim for Violation of 18 U.S.C § 1001</u>

  Third, Plaintiff states that he files the instant Complaint pursuant to 18 U.S.C. § 1001 and that Defendants together through their unspecified and allegedly illegal conduct violated § 1001. *See* ECF No. [1] at ¶¶ 131, 137. However, "[t]he law in this Circuit . . . is clear: 18 U.S.C. § 1001 is a criminal statute which created no private right of action." *Smith v. Sox*, No. 23-CV-68, 2023 WL 6376381, at *5 (M.D. Fla. Sept. 29, 2023) (citations omitted); *see also Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 471 (11th Cir. 2013) (per curiam) (finding that 18 U.S.C. § 1001 and other statutes did not "provide[] a cause of action for [the defendant's] allegedly wrongful conduct."); *Lichtenberg v. Sec'y of the Navy*, 627 F. App'x 916, 917 (11th Cir. 2015) (per curiam) ("Section 1001 of Title 18 of the U.S. Code is a criminal statute prohibiting knowingly making false or fraudulent statements or concealing information in a matter within federal jurisdiction. . .

9

. It does not provide a civil cause of action." (citing § 1001)). Thus, Plaintiff's § 1001 claim should likewise be dismissed with prejudice. *See Chiron Recovery Ctr.*, 438 F. Supp. 3d at 1356.

d. Claim for Violation of 18 U.S.C. § 1832

Fourth, Plaintiff states that he files the instant Complaint pursuant to 28 U.S.C. § 1832 and that Defendants, together through their unspecified and allegedly illegal conduct, violated § 1832. *See* ECF No. [1] at ¶¶ 133, 137. Like several of the other statutes Plaintiff invokes in the Complaint, § 1832 is a criminal statute, and criminal statutes generally do not provide a private cause of action. *See Love v. Delta Air Lines*, 310 F.3d 1347, 1352-53 (11th Cir. 2002); *see also Kemp v. Sola Bread Co.*, No. 22-CV-566, 2022 WL 21769431, at *1 (M.D. Fla. Aug. 8, 2022) (finding that § 1832 does not create a private cause of action). Thus, Plaintiff's § 1832 claim must also be dismissed with prejudice. *See Chiron Recovery Ctr.*, 438 F. Supp. 3d at 1356.

e. Claim for Violation of 28 U.S.C. § 351

Finally, Plaintiff states that he files the Complaint pursuant to 28 U.S.C. § 351 and that Defendants, together through their unspecified and allegedly illegal conduct, violated § 351. *See* ECF No. [1] at ¶¶ 131, 137. Plaintiff's reliance on § 351 is misplaced for two reasons: First, § 351 governs the "[f]iling[,]" "[i]dentification[,]" and "[t]ransmittal" of complaints relating to the conduct of federal magistrate, district court, and circuit court judges. *Id.* at (a)-(d). In the Complaint, the only judicial conduct Plaintiff complains about is that of two state court judges; thus, this statute is inapplicable to the instant case. *See* ECF No. [1] at ¶¶ 3-4. Second — and more importantly, nothing in the language of § 351 suggests that Congress intended to create a private cause of action with the passage of this statute as it merely sets forth the procedure for filing judicial complaints. *See Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 332 (2015) ("Our precedents establish that a private right of action under federal law is not created by mere

implication, but must be unambiguously conferred[.]" (quotation omitted)).  Thus, Plaintiff's § 351 claim must also be dismissed with prejudice. *See Chiron Recovery Ctr.*, 438 F. Supp. 3d at 1356.

IV.   **CONCLUSION**

For the foregoing reasons, I respectfully **RECOMMEND** that:

1. Plaintiff Yoni Junior Morales's Complaint filed *pro se* pursuant to 18 U.S.C. §§ 242, 1001, 1832, and 2708, 28 U.S.C. § 351, 31 U.S.C. 3729, 3730, and 5323, and 42 U.S.C. §§ 300, 1983, and 2000e-2, **ECF No. [1]**, be **DISMISSED** in part **WITHOUT PREJUDICE** and in part **WITH PREJUDICE**;

2. To the extent that the Complaint is a frivolous, shotgun pleading, the Complaint should be **DISMISSED WITHOUT PREJUDICE**;

3. To the extent the Complaint raises claims for violations of 18 U.S.C. §§ 242, 249, 1001, and 1832 and 28 U.S.C. § 351, the Complaint should be **DISMISSED WITH PREJUDICE**; and

4. Plaintiff Yoni Junior Morales's Motion for Leave to Proceed *in forma pauperis*, **ECF No. [3]**, be **GRANTED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149

(1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE and ORDERED** in Chambers in Miami, Florida on November 21, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record

Yoni Junior Morales, *PRO SE*
19805 N.E. 14th Ave
Miami, Florida 33179