UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-24444-KMM

YONI JUNIOR MORALES,

    Plaintiff,

v.

UNITED STATES
FEDERAL GOVERNMENT, *et al.*,

    Defendants.
_____/

## **ORDER**

THIS CAUSE came before the Court upon the Report and Recommendation of the Honorable Marty Fulgueira Elfenbein, United States Magistrate Judge. ("R&R") (ECF No. 8). The matter was referred to Magistrate Judge Elfenbein, pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. (ECF No. 5). Magistrate Judge Elfenbein issued a R&R, recommending that Plaintiff's *pro se* Application to Proceed *In Forma Pauperis* (ECF No. 3) be GRANTED and that Plaintiff's Complaint (ECF No. 1) be DISMISSED in part WITH PREJUDICE and in part WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

Defendants did not object to the R&R. Plaintiff sent the Court two letters, which the Court does not construe as objections. On December 18, 2024, the Court received Plaintiff's "Letter to the Judge" (ECF No. 11), and on January 2, 2025, the Court received Plaintiff's "Letter to the Court" (ECF No. 12), (collectively, the "Letters"). The Letters, which contain conspiracy theories, inappropriate language, and baseless accusations, make no cognizable objections to the R&R. *See*

*generally* Letters.[1]  Accordingly, no objections to the findings of the R&R were raised pursuant to Fed. R. Civ. P. 72.  The matter is now ripe for review.  As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review.  *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

This is a civil rights violation case brought against 28 entities: (1) the United States Federal Government, (2) the Department of Justice, (3) the U.S. Attorney General, (4) the Securities and Exchange Commission, (5) the Commodity Futures Trading Commission, (6) the Federal Trade Commission, (7) the Department of the Treasury, (8) the Federal Reserve System, (9) the Federal

---

[1] Additionally, to note, objections to the R&R were due on or before December 6, 2024, *see* R&R at 11, and the Letters were received after the objections period had passed.  *See* (ECF Nos. 11–12).  Plaintiff did not request an extension of time to file objections.

Deposit Insurance Corporation, (10) the Federal Election Commission, (11) the Department of Health and Human Services, (12) the National Institute of Allergy and Infectious Disease, (13) the Centers for Disease Control and Prevention, (14) the Department of State, (15) the Joint Chiefs of Staff, (16) the National Security Council, (17) the Department of Defense, (18) the Department of Homeland Security, (19) the Federal Bureau of Investigation, (20) the Office of the Director of National Intelligence, (21) the Intelligence Community, (22) the Central Intelligence Agency, (23) the Drug Enforcement Administration, (24) the National Security Agency, (25) the Defense Intelligence Agency, (26) the Financial Crimes Enforcement Network, (27) the Secret Service, and (28) the Port of Palm Beach, (collectively, the "Defendants"). (ECF No. 1) at 1. Against these Defendants, Plaintiff seeks $400,000,000,000 in damages "[f]or whistleblower reward money, the State rewards program, combat pay, irreparable damages, and provisioned compensatory justice for the monumental transgression of the defendant's subordinates['] conniving judicial misconduct." *Id.* ¶ 139.

The Complaint alleges claims pursuant to: 18 U.S.C. §§ 242, 1001, 1832, and 2708; 28 U.S.C. § 351, 31 U.S.C. 3729, 3730, and 5323; and 42 U.S.C. §§ 300, 1983, and 2000e-2. R&R at 11. Magistrate Judge Elfenbein finds that the Complaint must be dismissed because it is (1) a shotgun pleading, (2) frivolous, and (3) invokes federal statutes that do not create a private right of action. *Id.* at 4.

First, Magistrate Judge Elfenbein finds that the Complaint is a shotgun pleading because it is full of "'conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[,]'" and because the Complaint does not "'separate[e] into a different count each cause of action or claim for relief.'" *Id.* at 5–7 (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)).

Second, Magistrate Judge Elfenbein finds that the Complaint is frivolous because it "'lacks an arguable basis either in law or in fact.'" *Id.* at 7–8 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). As examples, Magistrate Judge Elfenbein points to three claims made by Plaintiff in the Complaint. *See* R&R at 7. The first example is Plaintiff's claim that the "Chinese, Cubans, Koreans, Iranians, Venezuelans, Russians, Triads, Cartels, Yakuzas, and Mafias" along with the United States of America National Security Apparatus are after Defendant's "digital testimony." *Id.* (citing Compl. ¶ 27). The second example is Plaintiff's claim that "Zoom Meetings Technology is a DATA mining company" that poses "a significant threat to national security and [Plaintiff's] life." *Id.* (citing Compl. ¶ 32). The third example is Plaintiff's claim that "Volodymyr Zelensky — president of Ukraine, Joe Biden — president of the United States, and Ursula von der Leyen — president of the European Commission, together are conspiring to harm him." *Id.* (citing Compl. ¶ 66). Additionally, Magistrate Judge Elfenbein notes that these examples are only some "among [the] many conclusory allegations in the Complaint that have no basis in fact." *Id.*

Third, Magistrate Judge Elfenbein finds that the Complaint must be dismissed in part with prejudice because it brings claims under various federal statutes for which no private cause of action exists. *See id.* at 7–11. Plaintiff states that he filed the instant Complaint pursuant to: 18 U.S.C. §§ 242, 1001, 1832, and 2708; 28 U.S.C. § 351; 31 U.S.C. §§ 3729, 3730 and 5323; and 42 U.S.C. §§ 300, 1983, and 2000e-2. *Id.* at 11. However, the following statutes do not provide a private right of action: (1) 18 U.S.C. § 242; (2) 18 U.S.C. § 249; (3) 18 U.S.C § 1001; (4) 18 U.S.C § 1832; and (5) 28 U.S.C § 351. *See id.* at 7–11. Accordingly, Magistrate Judge Elfenbein finds that claims pursuant to these statutes must be dismissed with prejudice because any attempt to remedy these claims would be futile. *See id.*

In sum, Magistrate Judge Elfenbein recommends that the Court: (1) dismiss with prejudice Plaintiff's claims filed pursuant to: (1) 18 U.S.C. § 242; (2) 18 U.S.C. § 249; (3) 18 U.S.C § 1001; (4) 18 U.S.C § 1832; and (5) 28 U.S.C § 351; (2) dismiss the remaining claims without prejudice as the Complaint is frivolous and a shotgun pleading; and (3) grant Plaintiff's Motion for Leave to Proceed *in forma pauperis*. *Id.* at 11. As discussed above, the Court received no proper objections to the aforementioned findings in the R&R. Upon a review of the record, the Court finds no clear error with Magistrate Judge Elfenbein's findings.

Accordingly, UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 8) is ADOPTED. Plaintiff's *pro se* Application to Proceed *In Forma Pauperis* (ECF No. 3) is GRANTED. Plaintiff's Complaint (ECF No. 1) is DISMISSED in part WITH PREJUDICE and in part WITHOUT PREJUDICE. Plaintiff may file an Amended Complaint to attempt to cure the deficiencies identified in the R&R no later than **February 6, 2025.**

DONE AND ORDERED in Chambers at Miami, Florida, this *16th* day of January 2025.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record